## AMC LIQUIDATING TRUST

v.

## SPRINT COMMUNICATIONS COMPANY, L.P.

### No. CIV.A. 03–267–B–M1.

United States District Court,
M.D. Louisiana.

July 16, 2003.

Brian Andrew Eddington, Baton Rouge, LA, for plaintiff.

Charles P. Blanchard, John Francis Olinde, Philip R. Sims, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Keith Christian Armstrong, Chaffe, McCall, Phillips, Toler & Sarpy, Baton Rouge, LA, for defendant.

### RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the motion of Sprint Communications Company, L.P. ("Sprint") to dismiss or stay this lawsuit and to refer the issues pending herein to the Federal Communications Commission[1] under the doctrine of primary jurisdiction.[2] Sprint claims that this lawsuit involves the issue of whether access charges assessed by American MetroComm Corporation "AMC"[3] for the origination and termination of Sprint's long-distance telephone calls to customers on AMC's telecommunications network are just and reasonable under the Federal Communications Act. Plaintiff objects to having this case stayed or any issues submitted to the Federal Communications Commission("FCC") at this point in these proceedings. In its opposition, the plaintiff argues that it has proper legal defenses to any arguments which Sprint may assert regarding the just and reasonable access charges issue. However, plaintiff does not dispute that this issue is important to the final outcome and resolution of this lawsuit.

The Court finds that the issue of whether the access charges by AMC are just and reasonable must be determined at the trial of this case. Furthermore, the Court finds that this issue is within the special competence of the FCC. Therefore, this lawsuit is stayed and administratively closed to allow the parties to apply to the FCC for a ruling on the just and reasonable access charges issue. Either party shall have 30 days from the date of this order to apply to the FCC for a ruling on this issue.[4]

---

1. Rec. Doc. No. 5.

2. Primary jurisdiction is a doctrine which applies to "claims properly cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper,* 507 U.S. 258, 268, 113 S.Ct. 1213, 1220, 122 L.Ed.2d 604 (1993).

3. Plaintiff, AMC Liquidating Trust, was organized pursuant to an order of the United States Bankruptcy Court for the District of Delaware for the purpose of liquidating the assets and collecting and reducing to cash the claims of American MetroComm Corporation.

4. Since the Court cannot refer the issue to the FCC, the parties must do so. The Court also believes it would be in the interest of justice and judicial economy to stay the case rather than to dismiss it pending a final determination by the FCC.

Should a party timely apply to the FCC, this case shall remain stayed and administratively closed until the FCC has ruled on the issue and all appeals from the ruling have become final. Should no party timely file a claim with the FCC within 30 days, the stay order issued herein shall be automatically vacated and the case shall be reinstated on the Court's docket. In order for the Court to know the status of this matter, any party filing a claim with the FCC shall notify the Court of its filing. It shall also be the responsibility of the parties to notify the Court of any final rulings made by the FCC or on any appeals taken from any FCC rulings.

Therefore:

**IT IS ORDERED** that Sprint Communications Company, L.P.'s Motion to stay be **GRANTED** and this case be stayed pending further orders of this Court.

**IT IS FURTHER ORDERED** that Sprint Communications Company, L.P.'s Motion to Dismiss be denied without prejudice.

**IT IS FURTHER ORDERED** that any party to this suit shall have thirty days to file a claim with the Federal Communications Commission on the issue of whether the access charges are just and reasonable. Should the claim be timely filed with the Federal Communications Commission, this case shall be stayed until a final ruling is issued by the Federal Communications Commission and on any appeals filed in connection with the ruling. Should no party timely file a claim with the Federal Communications Commission, the stay order issued by this Court shall be automatically vacated. It shall be the responsibility of the parties to advise the Court of any filings with the Federal Communications Commission and of any rulings made by the Commission or on any appeal of the Commission's ruling.

**IT IS FURTHER ORDERED** that the Clerk of Court administratively terminate this action in his records, without prejudice to the right of the parties to reopen the proceedings. This order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate it in the same manner as if this order had not been entered in accordance with the Court's ruling herein.